UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL REIFF,

        Plaintiff,

vs.

OFFICER BROC SETTY, in his individual capacity and CLINTON TOWNSHIP,

    Defendants.

Case No. 23-cv-10513-LJM-JJCG
Hon. Laurie J. Michelson

_____/

| MARKO LAW, PLLC | PEACOCK LAW, P.C. |
|---|---|
| By: JONATHAN R. MARKO (P72450)<br>     MICHAEL L. JONES (P85223)<br>Attorneys for Plaintiff<br>1300 Broadway, 5th Floor<br>Detroit, MI 48226<br>(313) 777-7529<br>michael@markolaw.com | By: PETER W. PEACOCK (P37201)<br>Attorneys for Defendants<br>18 First Street<br>Mt. Clemens, Michigan 48043<br>(586) 469-0400<br>pete@peacocklawpc.com |
| | KIRK, HUTH, LANGE & BADALAMENTI, PLC<br>By: ROBERT S. HUTH, JR. (P42531)<br>     RAECHEL M. BADALAMENTI (P64361)<br>Co-Counsel for Defendants<br>19500 Hall Road, Suite 100<br>Clinton Township, MI 48038<br>(586) 412-4900    Fax: (586) 412-4949<br>rhuth@KirkHuthLaw.com<br>rbadalamenti@KirkHuthLaw.com |

_____/

# **DEFENDANTS' AMENDED ANSWER TO COMPLAINT**

NOW COME Defendants, OFFICER BROC SETTY and CLINTON TOWNSHIP, by and through their attorneys, PEACOCK LAW, P.C. and KIRK,

HUTH, LANGE & BADALAMENTI, PLC, and amended answer Plaintiff's Complaint as follows:

## PARTIES

1. Defendants assert that Plaintiff has set forth a conclusion of law which requires no answer from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph One as untrue in the manner and form alleged.

2. Defendants assert that Plaintiff has set forth a conclusion of law which requires no answer from Defendants.

3. In answer to Paragraph Three, Defendants neither admit nor deny the allegations contained therein.

4. In answer to Paragraph Four, Defendants admit only that Defendant Officer Broc Setty was, at relevant times, employed as a Clinton Township Police Officer. As to the remainder of allegations contained in this paragraph, Defendants state that no response is necessary as the allegations contained therein call for a legal conclusion.

5. In answer to Paragraph Five, Defendants admit the allegations contained therein.

## JURISDICTION

6. Defendants assert that Plaintiff has set forth a conclusion of law which requires no answer from Defendants.

7. Defendants assert that Plaintiff has set forth a conclusion of law and prayer for relief which requires no answer from Defendants. In further response, Defendants deny that Plaintiff is entitled to the relief sought in this paragraph.

8. Defendants assert that Plaintiff has set forth a conclusion of law and prayer for relief which requires no answer from Defendants. In further response, Defendants deny that Plaintiff is entitled to the relief sought in this paragraph.

9. Defendants assert that Plaintiff has set forth a conclusion of law which requires no answer from Defendants. To the extent that a response is required, Defendants admit only that the events giving rise to Plaintiff's Complaint allegedly occurred in Clinton Township, but deny that the events occurred as alleged.

## STATEMENT OF CLAIM

10. In answer to Paragraph Ten, Defendants deny that this paragraph accurately or completely describes the events giving rise to police response, the reporting of those events and the dispatch of information related to those events.

11. In answer to Paragraph Eleven, Defendants neither admit nor deny the allegations contained therein. However, Defendants state that Plaintiff fled

from arrest and was physically and/or verbally resistive and assaultive during their encounter.

12. In answer to Paragraph Twelve, Defendants deny the allegations contained in this paragraph as the allegations contained therein are untrue in the manner and form alleged.

13. In answer to Paragraph Thirteen, Defendants neither admit nor deny the allegations contained therein.

14. In answer to Paragraph Fourteen, Defendants admit the allegations contained therein.

15. In answer to Paragraph Fifteen, Defendants deny the allegations contained therein.

16. In answer to Paragraph Sixteen, Defendants deny that the allegations contained in this paragraph accurately or completely describes the events, occurrence and/or interactions between the parties.

17. In answer to Paragraph Seventeen, Defendants neither admit nor deny the allegations contained therein, but state that Plaintiff's alleged belief would have been unreasonable and/or unlikely under the circumstances.

18. In answer to Paragraph Eighteen, Defendants deny that the allegations contained in this paragraph accurately and/or completely describe the events or encounter on 4/2/2021.

19. In answer to Paragraph Nineteen, Defendants deny that the allegations contained in this paragraph accurately and/or completely describe the events or encounter on 4/2/2021.

20. In answer to Paragraph Twenty, Defendants deny that the allegations contained in this paragraph accurately and/or completely describe the events or encounter on 4/2/2021.

21. In answer to Paragraph Twenty-One, Defendants deny that the allegations contained in this paragraph accurately and/or completely describe the events or encounter on 4/2/2021.

22. In answer to Paragraph Twenty-Two, Defendants admit the allegations contained therein.

23. In answer to Paragraph Twenty-Three, Defendants admit the allegations contained therein.

24. In answer to Paragraph Twenty-Four, Defendants deny the allegations contained therein.

25. In answer to Paragraph Twenty-Five, Defendants admit the allegations contained therein.

26. In answer to Paragraph Twenty-Six, Defendants deny the allegations contained therein.

27. In answer to Paragraph Twenty-Seven, Defendants admit only that Officer Setty eventually caught up to Plaintiff, but deny that the allegations contained in this paragraph accurately and/or completely describe the events or encounter on 4/2/2021.

28. In answer to Paragraph Twenty-Eight, Defendants deny the allegations contained therein.

29. In answer to Paragraph Twenty-Nine, Defendants deny the allegations contained therein.

30. In answer to Paragraph Thirty, Defendants deny the allegations contained therein.

31. In answer to Paragraph Thirty-One, Defendants deny the allegations contained therein.

32. In answer to Paragraph Thirty-Two, Defendants deny the allegations contained therein.

33. In answer to Paragraph Thirty-Three, Defendants deny the allegations contained therein as untrue in the manner and form alleged.

**COUNT I**
**EXCESSIVE FORCE IN VIOLATION OF THE FOURTH**
**AND FOURTEENTH AMENDMENTS TO THE**
**U.S. CONSTITUTION & 42 U.S.C. 1983**
**(Against Defendant Broc Setty)**

34. Defendants incorporate by reference Paragraphs One through last above as if more fully set forth herein.

35. Defendants assert that Plaintiff has set forth a conclusion of law which requires no answer from Defendants.

36. Defendants assert that Plaintiff has set forth a conclusion of law which requires no answer from Defendants.

37. Defendants assert that Plaintiff has set forth a conclusion of law which requires no answer from Defendants.

38. Defendants assert that Plaintiff has set forth a conclusion of law which requires no answer from Defendants.

39. In answer to Paragraph Thirty-Nine, Defendants deny the allegations contained therein.

40. In answer to Paragraph Forty, Defendants deny the allegations contained therein.

41. In answer to Paragraph Forty-One, Defendants deny the allegations contained therein as untrue.

42. In answer to Paragraph Forty-Two, Defendants deny the allegations contained therein as untrue in the manner and form alleged.

43. In answer to Paragraph Forty-Three, Defendants deny that Officer Setty punched Reiff as alleged. As to the remainder of allegations contained

therein, Defendants state that no response is required as the allegations contained therein call for a legal conclusion. To the extent that a response is required, Defendants neither admit nor deny Reiff's right to be free from excessive force as described herein was clearly established at the time.

44. In answer to Paragraph Forty-Four, Defendants deny the allegations contained therein.

45. In answer to Paragraph Forty-Five, Defendants deny the allegations contained therein.

46. In answer to Paragraph Forty-Six, Defendants deny the allegations contained therein.

## COUNT II
## MONELL LIABILITY IN VIOLATION OF 42 U.S.C. 1983
## (Against Clinton Township)

47. Defendants incorporate by reference Paragraphs One through last above as if more fully set forth herein.

48. In answer to Paragraph Forty-Eight, Defendants deny the allegations contained therein.

49. In answer to Paragraph Forty-Nine, Defendants deny the allegations contained therein.

50. In answer to Paragraph Fifty, Defendants deny the allegations contained therein.

51. In answer to Paragraph Fifty-One, Defendants deny the allegations contained therein.

52. In answer to Paragraph Fifty-Two, including subparagraphs (a)-(d), Defendants deny the allegations contained therein.

53. In answer to Paragraph Fifty-Three, Defendants deny the allegations contained therein.

54. In answer to Paragraph Fifty-Four, Defendants deny the allegations contained therein.

55. Defendants assert that Plaintiff has set forth a conclusion of law which requires no answer from Defendants.

56. In answer to Paragraph Fifty-Six, Defendants deny the allegations contained therein.

WHEREFORE Defendants, Officer Broc Setty and Clinton Township, respectfully request that this Honorable Court deny Plaintiff's requested relief and dismiss Plaintiff's Complaint against the Defendants with prejudice.

Respectfully submitted,

PEACOCK LAW, P.C.

BY: /s/ Peter W. Peacock_____
PETER W. PEACOCK (P37201)
Attorney for Defendants
18 First Street
Mt. Clemens, Michigan 48043
(586) 469-0400

        AND

        **KIRK, HUTH, LANGE & BADALAMENTI, PLC**

By:    /s/ Raechel M. Badalamenti
        RAECHEL M. BADALAMENTI (P64361)
        rbadalamenti@KirkHuthLaw.com
        Co-Counsel for Defendants
        19500 Hall Road, Suite 100
        Clinton Township, MI 48038
        (586) 412-4900

DATED:    Nov. 2, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL REIFF,

                              Case No. 23-cv-10513-LJM-JJCG
                              Hon. Laurie J. Michelson

    Plaintiff,

vs.

OFFICER BROC SETTY, in his individual
capacity and CLINTON TOWNSHIP,

    Defendants.
_____/

| | |
|---|---|
| MARKO LAW, PLLC<br>By: JONATHAN R. MARKO (P72450)<br>      MICHAEL L. JONES (P85223)<br>Attorneys for Plaintiff<br>1300 Broadway, 5th Floor<br>Detroit, MI 48226<br>(313) 777-7529<br>michael@markolaw.com | PEACOCK LAW, P.C.<br>By: PETER W. PEACOCK (P37201)<br>Attorneys for Defendants<br>18 First Street<br>Mt. Clemens, Michigan 48043<br>(586) 469-0400<br>pete@peacocklawpc.com<br><br>KIRK, HUTH, LANGE & BADALAMENTI, PLC<br>By: ROBERT S. HUTH, JR. (P42531)<br>     RAECHEL M. BADALAMENTI (P64361)<br>Co-Counsel for Defendants<br>19500 Hall Road, Suite 100<br>Clinton Township, MI 48038<br>(586) 412-4900    Fax: (586) 412-4949<br>rhuth@KirkHuthLaw.com<br>rbadalamenti@KirkHuthLaw.com |

_____/

## **DEFENDANTS' RELIANCE ON JURY DEMAND**

NOW COME Defendants, OFFICER BROC SETTY and CLINTON TOWNSHIP, by and through their attorneys, PEACOCK LAW, P.C. and KIRK, HUTH, LANGE & BADALAMENTI, PLC, and hereby state that they rely upon the

Jury Demand previously filed in this matter and otherwise demand a Trial by Jury of all issues to be tried in this case.

       Respectfully submitted,

       PEACOCK LAW, P.C.

       BY:   /s/  Peter W. Peacock_____
       PETER W. PEACOCK (P37201)
       Attorney for Defendants
       18 First Street
       Mt. Clemens, Michigan 48043
       (586) 469-0400
       AND

       **KIRK, HUTH, LANGE & BADALAMENTI, PLC**

   By:  /s/ Raechel M. Badalamenti
       RAECHEL M. BADALAMENTI (P64361)
       rbadalamenti@KirkHuthLaw.com
       Co-Counsel for Defendants
       19500 Hall Road, Suite 100
       Clinton Township, MI 48038
       (586) 412-4900

DATED:   Nov. 2, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL REIFF,

                                                Case No. 23-cv-10513-LJM-JJCG
                                                Hon. Laurie J. Michelson

    Plaintiff,

vs.

OFFICER BROC SETTY, in his individual
capacity and CLINTON TOWNSHIP,

    Defendants.
_____/

| | |
|---|---|
| MARKO LAW, PLLC<br>By: JONATHAN R. MARKO (P72450)<br>    MICHAEL L. JONES (P85223)<br>Attorneys for Plaintiff<br>1300 Broadway, 5th Floor<br>Detroit, MI 48226<br>(313) 777-7529<br>michael@markolaw.com | PEACOCK LAW, P.C.<br>By: PETER W. PEACOCK (P37201)<br>Attorneys for Defendants<br>18 First Street<br>Mt. Clemens, Michigan 48043<br>(586) 469-0400<br>pete@peacocklawpc.com<br><br>KIRK, HUTH, LANGE & BADALAMENTI, PLC<br>By: ROBERT S. HUTH, JR. (P42531)<br>    RAECHEL M. BADALAMENTI (P64361)<br>Co-Counsel for Defendants<br>19500 Hall Road, Suite 100<br>Clinton Township, MI 48038<br>(586) 412-4900    Fax: (586) 412-4949<br>rhuth@KirkHuthLaw.com<br>rbadalamenti@KirkHuthLaw.com |

_____/

## **DEFENDANTS' (AMENDED) AFFIRMATIVE DEFENSES AND/OR SPECIAL DEFENSES AND RESERVATION OF DEFENSES**

    NOW COME Defendants, OFFICER BROC SETTY and CLINTON TOWNSHIP, by and through their attorneys, PEACOCK LAW, P.C. and KIRK, HUTH, LANGE & BADALAMENTI, PLC, and state that they may rely upon the

following Affirmative Defenses and/or Special Defenses and Reservation of Defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.
2. Plaintiff has failed to bring his claim timely pursuant to the Statute of Limitations.
3. Defendants are immune pursuant to governmental immunity.
4. Defendants are entitled to qualified governmental immunity.
5. Damages as asserted by Plaintiff are caused by others than the Defendants.
6. Plaintiff's claim is barred by res judicata.
7. Plaintiff's claim is barred by release, waiver and/or consent.
8. Plaintiff's claims are barred to the extent Plaintiff lacks the legal capacity to sue and/or standing.
9. Plaintiff's claims are barred to the extent that another action has been initiated between the same parties involving the same claim.
10. Plaintiff's claims are barred to the extent there has been an assignment or other disposition of the claim before commencement of this action.
11. Defendants did not intentionally injure Plaintiff.
12. There was reasonable suspicion and/or probable cause for the investigation, detainment, arrest of Plaintiff and any charges asserted against Plaintiff, if any, that is the subject of the Complaint.

13. Plaintiff's detainment, if any, was for a reasonable scope and duration.

14. Plaintiffs' damages and/or injuries, if any, are the result of Plaintiff's own negligence, resistance and wrongful conduct.

15. The Plaintiff is guilty of negligence, contributory negligence, comparative fault and/or assumption of the risk which was apparent and obvious to an ordinary prudent person of her knowledge and experience.

16. There exists no unlawful or improper policy, practice or custom in the Township that led to any alleged deprivation of Plaintiff's Constitutional or other rights to sustain a claim against the municipal entity under 42 USC 1983.

17. Plaintiff failed to mitigate his damages.

18. Plaintiff's claims fail, in whole or in part, because the allegations of the Complaint are false, inaccurate and grossly exaggerated.

19. Plaintiff has failed to state a claim against Defendant Township as there is no respondeat superior liability under either state or federal law.

20. Plaintiff has failed to state a claim against Defendant Township as there is no governmental liability nor no exception to Defendants' immunity for an alleged failure to train and/or supervise employees.

21. Plaintiff has failed to state a claim against Defendant Township as there is no governmental liability nor no exception to Defendants' immunity for ratification.

22. Plaintiff's claims are barred, in whole or in part, because no intentional or malicious act is alleged or can such level of conduct be proved to justify an award of exemplary damages.

23. Plaintiff's claims are barred, in whole or in part, because there is no basis for punitive damages in this case.

24. Plaintiff's claims are barred, in whole or in part, because there is no basis for an award of attorney fees in this case.

25. Plaintiff's claims are barred to the extent of payment from collateral sources.

26. Defendants reserve the right to add such other special and/or affirmative defenses as may become known through discovery and the failure to set forth additional defenses at this time shall not constitute a waiver of, or estoppel against, any such supplements or amendments.

Respectfully submitted,

PEACOCK LAW, P.C.

BY: /s/ Peter W. Peacock
PETER W. PEACOCK (P37201)
Attorney for Defendants
18 First Street
Mt. Clemens, Michigan 48043
(586) 469-0400

AND

**KIRK, HUTH, LANGE & BADALAMENTI, PLC**

By: /s/ Raechel M. Badalamenti
RAECHEL M. BADALAMENTI (P64361)
rbadalamenti@KirkHuthLaw.com
Co-Counsel for Defendants
19500 Hall Road, Suite 100
Clinton Township, MI  48038
(586) 412-4900

DATED:    Nov. 2, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on Nov. 2, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants in this case.  I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

s/Raechel M. Badalamenti
RAECHEL M. BADALAMENTI (P64361)
rbadalamenti@KirkHuthLaw.com
19500 Hall Road, Suite 100
Clinton Township, MI  48038
(586) 412-4900