UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL REIFF,                                          Case No. 23-10513
                                                       Hon. Laurie J. Michelson
           Plaintiff,

vs.

OFFICER BROC SETTY,
in his individual capacity,

           Defendant.

_____

**JURY INSTRUCTIONS**

**<u>JURY INSTRUCTION #1:</u>**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.

In giving you these instructions I will divide them in three parts: First, I will give you several basic instructions – instructions that apply to a juror's duties in considering a case generally. These instructions will be followed by instructions on the law applicable to the case you have just heard. These in turn will be followed by additional instructions regarding the verdict and your deliberations. Please listen carefully.

I will be giving you a copy of these instructions for your use while deliberating. If you have questions about the law or your duties as jurors, you should consult the copy of the instructions as given to you.

It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**JURY INSTRUCTION #2:**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this

courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

**<u>JURY INSTRUCTION #3:</u>**

  This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.

**<u>JURY INSTRUCTION #4:</u>**

The testimony of a police officer should be considered by you just as any other evidence in this case. In evaluating the credibility of an officer's testimony, you should apply the same guidelines which you apply to the testimony of any other witness.

You should not give greater or lesser weight to the testimony of a witness merely because he or she is a police officer.

**JURY INSTRUCTION #5:**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

**<u>JURY INSTRUCTION #6:</u>**

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

**<u>JURY INSTRUCTION #7:</u>**

During the trial you have seen counsel use charts, photographs, and demonstratives, which were offered to assist in the presentation and understanding of the evidence.  This material is not itself evidence and must not be considered as proof of any facts.

**JURY INSTRUCTION #8:**

You have heard some recordings that were received in evidence, and you were given some written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. Only the recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

**JURY INSTRUCTION #9:**

Generally speaking, there are two types of evidence that are typically presented during a trial–direct evidence and circumstantial evidence.

"Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. If a witness testified that it is raining outside, and you believed the witness, that would be direct evidence that it was raining.

"Indirect or circumstantial" evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**JURY INSTRUCTION #10:**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**JURY INSTRUCTION #11:**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

**JURY INSTRUCTION #12:**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

**JURY INSTRUCTION #13:**

It has been brought out that an attorney has talked with a witness. There is nothing wrong with an attorney talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.

**JURY INSTRUCTION #14:**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

**JURY INSTRUCTION #15:**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**JURY INSTRUCTION #16:**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**JURY INSTRUCTION #17:**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

**<u>JURY INSTRUCTION #18:</u>**

Plaintiff has the burden in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If Plaintiff should fail to establish any essential element of his claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**<u>JURY INSTRUCTION #19:</u>**

Those of you who have sat in criminal cases will have heard of "proof beyond a reasonable doubt." The standard of proof in a criminal case is a stricter standard, requiring more proof than a preponderance of evidence, or the clear and convincing standard. The reasonable doubt standard does not apply to a civil case and you should put that standard out of your mind.

**JURY INSTRUCTION #20:**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

**JURY INSTRUCTION #21:**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the plaintiff's claim.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**JURY INSTRUCTION #22:**

Plaintiff Daniel Reiff claims damages alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to him by the Fourth Amendment of the United States Constitution and by a federal law, called Section 1983, protecting the civil rights of all persons within the United States.

Specifically, Plaintiff alleges that the Defendant Clinton Township Police Officer Setty subjected him to a deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the constitutional right to be free from the unreasonable and excessive use of force.

Defendant denies that any of his actions during the time in question violated Plaintiff's constitutional rights. Defendant claims that his actions were objectively reasonable and necessary to effect an arrest given Reiff's own conduct. Defendant further challenges Plaintiff's claims for damages.

**JURY INSTRUCTION #23:**

The federal civil rights act under which Plaintiff brings this suit was enacted by Congress in part to enforce the Fourth Amendment to the United States Constitution. The Fourth Amendment to the Constitution provides that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . .

Thus, as a matter of law, under the Constitution of the United States, every citizen has the right not to be subjected to unreasonable searches and seizures, which includes the right to be free from the use of excessive force when being arrested, even though the arrest is otherwise made in accordance with the law.

Plaintiff's arrest was lawful, you need only consider his right to be free from the use of excessive force as defined for you in the proceeding instructions.

**JURY INSTRUCTION #24:**

In order to establish his claim, the burden is upon the Plaintiff to prove by a preponderance of the evidence each of the following elements:

First, that the Defendant performed acts that operated to deprive the plaintiff of his Fourth Amendment rights, as defined and explained in these instructions, by using excessive force against the plaintiff during the course of the plaintiff's otherwise lawful arrest;

Second, that the Defendant then and there acted under color of state law. This element is not in dispute as the parties have stipulated that Defendant Clinton Township Police Officer Setty was acting under color of state law; and

Third, that the acts of the Defendant were both the proximate cause and cause in fact of damages sustained by the Plaintiff.

If you find that the Plaintiff has proved each of these elements by a preponderance of the evidence, you must return a verdict for the Plaintiff. If you find that the Plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for the Defendant.

**JURY INSTRUCTION #25:**

As I previously stated, every person has the right under the Constitution not to be subjected to unreasonable or excessive force while being arrested by a law enforcement officer, even though such arrest is otherwise made in accordance with due process of law. On the other hand, in making a lawful arrest an officer has the right to use such force as is necessary under the circumstances to effect the arrest.

Whether or not the force used in making an arrest was unnecessary or unreasonable is an issue to be determined by you in the light of all the surrounding circumstances, on the basis of that degree of force a reasonable and prudent officer would have applied in effecting the arrest under the circumstances disclosed in this case.

There is no precise definition or formula available for determining whether force is unlawful in a particular case when considering the facts and circumstances surrounding the use of force. Some of the things you may want to consider in determining whether the Defendant, Clinton Township Police Officer Setty used excessive force are:

1. the severity of the crime at issue;

2. whether the plaintiff posed an immediate threat to the safety of the officer or others and the threat perceived by a reasonable officer;

3. whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. The type and amount of force used;

5. The need for the application of force;

6. the extent of the injury suffered; and

7.  Any efforts made to temper the severity of the forceful response.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with hindsight. Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force.  The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

The reasonableness inquiry is an objective one. The question is whether Defendant's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to their underlying intent or motivation. Defendant Clinton Township Police Officer Setty's actual motivation is irrelevant and will not establish excessive force if the force used was objectively reasonable.

If you find that Daniel Reiff has proved by a preponderance of the evidence that the force used was objectively unreasonable, then Clinton Township Police Officer Setty violated Reiff's Fourth Amendment protection from excessive force and your verdict will be for Reiff on this claim.  If you find that Reiff failed to make this showing by a preponderance of the evidence, then the force was not unreasonable and your verdict will be for Clinton Township Police Officer Setty on the excessive-force claim.

**<u>JURY INSTRUCTION #26:</u>**

The parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.  The stipulated facts are as follows:

1.  The incident occurred on Friday, April 2, 2021, in Clinton Township, Michigan.

2.  Plaintiff, Daniel Reiff, is an individual residing in Michigan.

3.  Defendant Broc Setty was, at all relevant times, a sworn police officer employed by the Clinton Township Police Department.

4.  At the time of the incident, Defendant Setty was acting under color of state law in his capacity as a police officer.

5.  On April 2, 2021, Clinton Township Police Department received a dispatch call regarding two suspicious males walking through backyards in the area near 16 Mile Road and Gratiot.

6.  A foot pursuit involving Defendant Setty and Plaintiff occurred.

7.  Plaintiff did not sustain any loss of wages, earnings, earning capacity or employment opportunities up to the present time and none will be lost in the future.  Daniel Reiff is not making any claim for loss of wages, earnings, earning capacity or employment opportunities.

Since the parties have stipulated to these facts and do not dispute them, you are to take these facts as true for purposes of this case.

**JURY INSTRUCTION #27:**

You may not hold Defendant Clinton Township Police Officer Broc Setty liable for what any other officers did or did not do.  Defendant Clinton Township Police Officer Broc Setty's liability must be assessed individually based on his own actions.

There is no allegation or claim that Clinton Township, the Clinton Township Police Department, or any other officers of the Clinton Township Police Department engaged in any wrongdoing.

**JURY INSTRUCTION #28:**

A civil action brought under Section 1983 does not require Plaintiff to prove that Defendant acted willfully or with specific intent to violate his federally protected rights.

**<u>JURY INSTRUCTION #29:</u>**

If the plaintiff has proven a claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I am giving instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

**JURY INSTRUCTION #30:**

The plaintiff must prove by a preponderance of the evidence that the act by the defendant was a cause-in-fact of the damages plaintiff suffered. An act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages.

The plaintiff must also prove by a preponderance of the evidence that the act by the defendant was a proximate cause of the damages plaintiff suffered. An act is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damages was a reasonably foreseeable consequence of the act or omission.

**JURY INSTRUCTION #31:**

There may be more than one proximate cause. To be a proximate cause, the claimed conduct need not be the only cause or the last cause. A cause may be proximate although it and another act at the same time or in combination to produce the occurrence.

**JURY INSTRUCTION #32:**

If you find for the plaintiff, Daniel Reiff, you must determine the amount of the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for the deprivation of civil rights proximately caused by the defendant. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence, and no others:

(1)  The plaintiff's physical or emotional pain and mental anguish, discomfort, loss of use of bodily function, and emotional injuries such as stigma, humiliation, fright, and emotional trauma;

(2)  The reasonable value of necessary medical care, treatment and services received to the present time and that with reasonable probability will be required in the future;

(3)  Punitive damages, which I will explain to you shortly.

If you find for the plaintiff, but you find that the plaintiff has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar. The mere fact a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.

You may not award damages for injuries suffered by any individual other than Daniel Reiff. You may only award damages for deprivations incurred by Daniel Reiff.

**JURY INSTRUCTION #33:**

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case, that he has sustained as a proximate result of the excessive force by the defendant.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss, which, although possible, is not reasonably certain to occur in the future.

**JURY INSTRUCTION #34:**

You are instructed that the defendant takes the plaintiff as he finds him. If you find that the plaintiff was unusually susceptible to injury, that fact will not relieve the defendant from liability for any and all damages resulting to plaintiff as a proximate result of defendant's misconduct.

**JURY INSTRUCTION #35:**

In addition to compensatory damages, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition. They are awarded to punish a defendant for outrageous conduct and to serve as an example or warning to others not to engage in similar conduct in the future.

If you find in favor of the plaintiff, and if you find the conduct of the defendant to have been recklessly and callously indifferent to the plaintiff's constitutional rights, then, in addition to any other damages to which you find the plaintiff is entitled, you may, but are not required to, award the plaintiff an additional amount as punitive damages if you find it is appropriate to punish the defendant or deter the defendant and others from like conduct in the future. Whether to award the plaintiff punitive damages and the amount of those damages are within your sound discretion.

Factors which may, in appropriate circumstances, be considered by the jury in awarding punitive damages include, but are not limited to:

(A)  The nature of the defendant's conduct;

(B)  The impact of the defendant's conduct on the plaintiff;

(C)     The relationship between the plaintiff and the defendant;

(D)     The likelihood that the defendant would repeat the conduct if

a punitive award is not made;

The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed a plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if Defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

**<u>JURY INSTRUCTION #36:</u>**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

**JURY INSTRUCTION #37:**

Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through my Law Clerk, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. I may have to talk to the lawyers about what you have asked, so it may take some time for me to get back to you. Any questions or messages normally should be sent to me through

your foreperson. Remember you should not tell anyone–including me–how your votes stand numerically.

I will send the exhibits into the jury room so that you do not have to send a message to request them.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. Nothing I have said or done is intended to suggest what your verdict should be–that is entirely for you to decide.

**JURY INSTRUCTION #38:**

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that all of you agree.

To find for the Plaintiff, all of you must agree that the Plaintiff has met his burden of proof on all the elements of his respective claims as I have previously explained them to you.

To find for the Defendant, all of you must agree that the Plaintiff has not met his burden of proof on one or more of the elements of his claim.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges–judges of the facts. Your sole interest is to seek the truth from the evidence in the case

**JURY INSTRUCTION #39:**

I will be providing you a verdict form that you should use to record your verdict. Again, your answers do have to be unanimous. In order to answer any question on the verdict form, all eight of you must agree on the response. Stated another way, you may only provide an answer to a question on the verdict form if all of you agree on that answer.

The verdict form is simply the written notice of the decision that you reach in this case.

You will take this form to the jury room, and when you have completed your deliberations and reached a verdict, your foreperson will fill in the form, sign and date it, and advise my Law Clerk that you are ready to return to the courtroom.