MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL REIFF,

Plaintiff,

-vs-

Case No. 2:23-cv-10513
Hon. Laurie J. Michelson

OFFICER BROC SETTY, in his individual capacity, and CLINTON TOWNSHIP,

Defendants.

MICHAEL L. JONES (P85223)
JONATHAN R. MARKO (P72450)
ALLIE J. FARRIS (P88654)
**MARKO LAW, PLLC**
Attorney for Plaintiff
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
michael@markolaw.com

PETER W. PEACOCK (P37201)
**PEACOCK LAW, P.C.**
Attorney for Defendants
18 First Street
Mt. Clemens, MI 48043
P: (586) 469-0400 / F: (586) 221-4711
pete@peacocklawpc.com

ROBERT S. HUTH, JR (P42531)
RAECHEL M. BADALAMENTI (P64361)
**KIRK, HUTH, LANGE & BADALAMENTI PLC**
Co-Counsel for Defendants
19500 Hall Road, Suite 100
Clinton Twp, MI 48038
(586) 412-4900/Fax: (586) 412-4949
rhuth@KirkHuthLaw.com
rbadalamenti@KirkHuthLaw.com

**PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988**

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

**NOW COMES,** Plaintiff, **DANIEL REIFF**, by and through his attorneys, **MARKO LAW, PLLC**, and for reasons stated more fully in the attached Brief, which is hereby incorporated by reference, respectfully requests that this Honorable Court grant his Motion for Attorney Fees Pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7777 / Fax: (313) 470-2011
Email: jon@markolaw.com

Date: February 6, 2026

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL REIFF,

Plaintiff,

-vs-

Case No. 2:23-cv-10513
Hon. Laurie J. Michelson

OFFICER BROC SETTY, in his individual capacity, and CLINTON TOWNSHIP,

Defendants.

---

MICHAEL L. JONES (P85223)
JONATHAN R. MARKO (P72450)
ALLIE J. FARRIS (P88654)
**MARKO LAW, PLLC**
Attorney for Plaintiff
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
michael@markolaw.com

PETER W. PEACOCK (P37201)
**PEACOCK LAW, P.C.**
Attorney for Defendants
18 First Street
Mt. Clemens, MI 48043
P: (586) 469-0400 / F: (586) 221-4711
pete@peacocklawpc.com

ROBERT S. HUTH, JR (P42531)
RAECHEL M. BADALAMENTI (P64361)
**KIRK, HUTH, LANGE & BADALAMENTI PLC**
Co-Counsel for Defendants
19500 Hall Road, Suite 100
Clinton Twp, MI 48038
(586) 412-4900/Fax: (586) 412-4949
rhuth@KirkHuthLaw.com
rbadalamenti@KirkHuthLaw.com

---

# BRIEF IN SUPPORT OF PLAINTIFF’S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988

MARKO LAW
P: (313) 777-7777
F: ((313) 470-2011
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
MARKOLAW.COM

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

# CONCISE STATEMENT OF ISSUES PRESENTED

I. Should this Honorable Court grant Plaintiff attorney fees pursuant to 42 U.S.C. § 1988?

**Plaintiff states: Yes.**
**Defendant states: No.**
**This Court should state: Yes.**

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

# TABLE OF CONTENTS

Index of Authorities ........................................ iv

Introduction ........................................ 1

Argument ........................................ 2

I. Plaintiff Should be Awarded Attorney Fees Under 42 U.S.C. § 1988(b) ........................................ 2

A. The Policy Behind § 1988 ........................................ 3

B. Plaintiff was the "Prevailing Party" Under § 1988 and No "Special Circumstances" are Present to Support the Denial of Fees ........................................ 6

II. General Law on Attorney's Fees ........................................ 7

A. The Rate of Plaintiff's Counsel is Reasonable ........................................ 9

1. The prevailing market rate as based on the 2023 Economics Law Survey ........................................ 10

a. The reasonable rate for Jonathan Marko ........................................ 11

i. Numerous Michigan judges have found Mr. Marko to be entitled to an upward adjustment to his rate of attorney fees ........................................ 15

A. Judge Kevin Cox – Attorney Jonathan Marko's Reasonable Rate is $1,500 Per Hour .. 16

B. Judge David Cohen – Attorney Jonathan Marko's Reasonable Rate is $1,500 Per Hour ........................................ 16

C. Judge David Allen – Jonathan Marko's Reasonable Rate is $1,500 Per Hour .. 17

D. Judge Charlene Elder – Attorney Jonathan Marko is in the 95th Percentile and Entitled to an Upward Adjustment .................... 18

E. Judge Dana Hathaway – Attorney Jonathan Marko is in the 95th Percentile and Entitled to an Upward Adjustment ........................................ 19

F. Judge Muriel Hughes – Attorney Jonathan Marko is in the 95th Percentile .......... 20

G. Judge Ed Servitto – Attorney Jonathan Marko is in the 95th Percentile ......................... 20

b. The reasonable rate for Michael L. Jones ......... 21

c. The reasonable rate for Allie J. Farris ............... 24

III. Plaintiff's Counsel Has Provided Sufficient Evidence to Award Attorney Fees ........................................................................... 25

1. Counsel submitted sufficiently itemized and detailed billing entries ............................................................ 25

2. It is reasonable to bill for multiple attorneys' work on a case ....................................................................... 26

3. The award need not be proportional ............................ 28

4. Reasonable attorney would believe the hours to be reasonably expended ................................................. 28

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

# INDEX OF AUTHORITIES

## Cases

*Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir.2000) ................ 9

*Anglo-Danish Fibre Indus., Ltd. v. Columbian Rope Co.*, No. 01-2133-GV, 2003 U.S. Dist. LEXIS 10386, 2003 WL 223082, at *3 (W.D. Tenn. Jan. 28, 2003) ........ 28

*Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) ........ 28

*Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)..... 9

*City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed. 2d 449 (1992) ........ 7

*City of Riverside v. Rivera*, 477 U.S. 561, 577, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986) ........3, 28

*Cleveland v. Ibrahim*, 121 F. App'x 88, 90 (6th Cir. 2005) ........ 7

*Coalition to Defend Affirmative Action v. Regents of Univ. of Mich.*, 719 F. Supp. 2d 795, 799-800 (E.D. Mich. 2010) ........ 3

*Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1987) ........ 8

*Dowling v. Litton Loan Servicing, L.P.*, No. 5-CV-98, 2008 WL 906042, at *2 (S.D. Ohio Mar. 31, 2009), *aff'd*, 320 F. App'x 442 (6th Cir. 2009).......... 26

*Farrar v. Hobby*, 506 U.S. 103, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992)......... 6

*Garcia v. Renaissance Global Logistics*, LLC, No. 10–CV–13122, 2012 WL 1130543, at *3 (E.D.Mich. Apr.4, 2012)........ 10

*Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1993)........ 10

*Gisbrecht v. Barnhart,* 535 U.S. 789, 801, 122 S.Ct. 1817, 152 L.Ed.2d 996

(2002) ........................................ 8

*Glover v. Johnson*, 138 F.3d 229, 252 (6th Cir. 1998) ........................................ 27

*Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1977) ........................................ 6

*Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S. Ct. 1933, 1941 (1983) ............. 4, 8

*Hescott City of Saginaw*, 757 F.3d 518 (6th Cir., 2014) ........................................ 7

*Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 759 (1989) ................ 2

*Jackson v. Dall. Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) ....................... 4

*Jones v. Central Soya, Co.,* 748 F.2d 588, 594 (11th Cir. 1984) .......................... 26

*Lamar Adver. Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 499–500 (6th Cir.2006) ........................................ 10

*Lawler v. Teofan*, 807 F.2d 1207, 1212, n. 3 (5th Cir. 1987) ............................... 10

*Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp*., 487 F.2d 161 (1973) ........................................ 8

*Madden v. Chattanooga City Wide Servs. Dep't*, No. 1:06-cv- 213, 2009 WL 10710408, at *3 (E.D. Tenn. Jan. 29, 2009) ........................................ 5

*Meier v. Green*, No. 07–CV–11410, 2007 WL 2909418, at *2 (E.D.Mich. Oct.5, 2007) ........................................ 10

*Michael v. Windsor Gardens*, LLC, ___F Supp 2d___; 2005 U.S. Dist. LEXIS 48700, at *12 (ED Tenn, Feb. 18, 2005) ........................................ 27

*Morscott v. City of Cleveland*, 936 F.2d 271, 273 (6th Cir. 1991) ........................ 2

*Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) ........................................ 27

*Popham, v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987) ................. 5

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

*Salamango v. NCSPlus Inc.*, 2014 WL 3900583, at *5 (E.D. Mich. Aug. 11, 2014) .................................................... 10

*Valentine v. City of Austin*, No. A-15-CV-482-RP, 2015 U.S. Dist. LEXIS 185594, at *3 (W.D. Tex. July 15, 2015) .................................................... 4

*Van Elslander v. Thomas Sebold & Assocs.*, 297 Mich. App. 204, 227-229 (2012) .................................................... 11

*Villegas v. Metro. Gov't*, No. 3:09-0219, 2012 U.S. Dist. LEXIS 135110, at *44-45 (M.D. Tenn. Sep. 20, 2012) .................................................... 4

*Waldo v. Consumers Energy Co.*, 726 F.3d 802, 824 (6th Cir. Mich. August 9, 2013) .................................................... 28

*Walker v. U.S. Department of Housing and Urban Development,* 99 F.3d 761, 768 (5th Cir. 1996) .................................................... 27

*Ways v. Miami Univ. of Ohio*, 604 Fed. App'x 445, 448 n.4 (6th Cir. 2015) ...... 5

**<u>Federal Rules</u>**

Fed. R. Civ. P. 54(d)(2) .................................................... 3

42 U.S.C. § 1988 .................................................... *passim*

E.D. Mich. LR 54.1.2 .................................................... 2

E.D. Mich. LR 54.1.2(b) .................................................... 2

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

## INTRODUCTION

This case concerns Defendant's malicious and unconstitutional use of excessive force, captured on body-worn camera footage, after Plaintiff Daniel Reiff had surrendered and posed no threat, resulting in the destruction of Plaintiff's eye and permanent injuries in violation of the Fourth Amendment. On December 15, 2025, a jury found that Defendant violated Plaintiff's Constitutional rights and awarded Plaintiff damages. As a result, Plaintiff is the prevailing party under 42 U.S.C. § 1988(b) and is entitled to recover the attorney fees incurred in prosecuting this action.

Plaintiff's victory did not come easy in this case—Indeed, Defendant vigorously litigated this case for nearly three years and caused Plaintiff to incur substantial attorney fees in doing so. During this time period, extensive discovery took place and counsel for Plaintiff drafted and responded to countless motions on behalf of its client, all which were necessary to get this case to trial. Counsel for Plaintiff succeeded at trial by obtaining a favorable jury verdict and judgment which vindicated Plaintiff's rights.

Congress enacted § 1988(b) to encourage attorneys to take cases and represent civil rights plaintiffs in cases that do not have substantial economic value. The congressional intent of § 1988(b) is particularly applicable in a case such as this, where Plaintiff received a jury verdict which not only acknowledges the importance

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

of our constitutional right to be free from excessive force but operates to deter others in the legal system from engaging in this type of behavior. For the following reasons, Plaintiff's fee petition should be granted.

## ARGUMENT

### I. Plaintiff Should be Awarded Attorney Fees Under 42 U.S.C. § 1988(b)

A prevailing party in a civil rights action should ordinarily, absent special circumstances, be awarded attorney fees. *See Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 759 (1989); *Morscott v. City of Cleveland*, 936 F.2d 271, 273 (6th Cir. 1991). United States District Court for the Eastern District of Michigan Local Rule 54.1.2(b) provides:

> A motion for award of attorney fees shall be supported by a memorandum brief as to the authority of the court to make such an award,…an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factor which the court should consider in making the award.

E.D. Mich. LR 54.1.2(b)

E.D. Mich. Local R. 54.1.2 enlarges the amount of time for a party to file a motion for attorney fees to "no later than 28 days after entry of judgment." Judgment was entered on January 8, 2026. **ECF No. 111.** Accordingly, because the time for a party to file a motion for attorney fees is extended from the fourteen days in Rule

54(d)(2) to twenty-eight days by operation of the district's local rules, this motion for attorney fees is timely filed. *See, e.g., Coalition to Defend Affirmative Action v. Regents of Univ. of Mich.*, 719 F. Supp. 2d 795, 799-800 (E.D. Mich. 2010) (applying the Eastern District of Michigan's twenty-eight day time limit and declaring a motion for attorney fees timely).

### A. The Policy Behind § 1988

The policy behind § 1988(b) is of the utmost importance in considering the present Motion for attorney's fees. "Congress enacted § 1988 specifically to enable plaintiffs to enforce the civil rights laws even where the amount of damages at stake would not otherwise make it feasible to do so." *City of Riverside v. Rivera*, 477 U.S. 561, 577, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986). Section 1988 has a clear remedial objective—providing private citizens an opportunity to seek redress for individual harm while also securing important social benefits for the public as a whole. In this regard, the United States Supreme Court has stated:

> Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil constitutional rights that cannot be valued solely in monetary terms. And Congress has determined that 'the public as a whole has an interest in the vindication of the rights conferred by the statutes enumerated in § 1988, over and above the value of a civil rights remedy to a particular plaintiff....' Regardless of the form of relief he actually obtains, a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damages awards.

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

*Id*. at 574 (internal citations omitted).

As held by Judge Drain of this Honorable Court:

> [T]he Court emphasizes that this case was predicated on vindicating Plaintiff's civil rights. By achieving meaningful relief in this Title VII action, Plaintiff "corrected a violation of federal law and, in so doing, has vindicated Congress's statutory purposes." *Fox v. Vice*, 563 U.S. 826, 834 (2011). That also has value, and the Court considers it in addition to the damages Plaintiff was awarded[.]

**Exhibit 1, *Yeremian* Opinion, p. 31.**

Courts throughout the country have recognized the unique difficulty presented to lawyers when litigating civil rights cases. As noted by the United States Supreme Court, "complex civil rights litigation involv[es] numerous challenges to institutional practices or conditions. This type of litigation is lengthy and demands many hours of lawyers' services." *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S. Ct. 1933, 1941 (1983); *see also Valentine v. City of Austin*, No. A-15-CV-482-RP, 2015 U.S. Dist. LEXIS 185594, at *3 (W.D. Tex. July 15, 2015) (citing *Jackson v. Dall. Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) for the proposition that civil rights cases are generally more complex than many other cases). In *Villegas v. Metro. Gov't*, No. 3:09-0219, 2012 U.S. Dist. LEXIS 135110, at *44-45 (M.D. Tenn. Sep. 20, 2012), the Court approved a fee enhancement for attorneys who represented an undocumented immigrant in a civil rights case.

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

Recognizing the difficulty presented by civil rights litigation, Judge Drain of this Court found that an attorney's specialization in employment civil rights law warranted an upward adjustment to the attorney's fee given the complex nature of this area of law:

> "From the pleading stage, through discovery, motions, and trial, employment law is a specialized area of law that can quickly become a minefield to a non-specialist." *Ways v. Miami Univ. of Ohio*, 604 Fed. App'x 445, 448 n.4 (6th Cir. 2015); see also *Madden v. Chattanooga City Wide Servs. Dep't*, No. 1:06-cv- 213, 2009 WL 10710408, at *3 (E.D. Tenn. Jan. 29, 2009) ("Employment law is a narrow area of the law which requires specialized knowledge and skill.").
>
> * * *
>
> Considering Mr. Hurwitz's specialized experience, the Court is convinced that Mr. Hurwitz's requested rate of $500—which is slightly above the 75th percentile of hourly rates for plaintiff-side employment attorneys ($475)—is reasonable here.

**Ex. 1 at 12.**

Section 1988 also has an important deterrent objective to prevent similar violations from occurring in the future. *See Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987) ("The affirmation of constitutional principles produces an undoubted public benefit that courts must consider in awarding attorney's fees under § 1988. When courts affirm the constitutional rights of citizens, public officials are deterred from violating other citizens' rights in the future."). This policy is more important than ever given the current police and government overreach across the country. The deterrent objective is particularly important in a case such

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

as this which involved a court officer abusing his power and violating the constitutional rights of the public.

**B. Plaintiff was the "Prevailing Party" Under § 1988 and No "Special Circumstances" are Present to Support the Denial of Fees**

Plaintiff is the prevailing party for purposes of § 1988 and no special circumstances are present to support the denial of fees in this case. The Sixth Circuit has defined "prevailing party" in the context of § 1988, stating:

> To be a 'prevailing party,' a party must succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit....The Supreme Court has rejected a 'central issue test' which would require a party to succeed on the main issue of the litigation to be considered 'prevailing.' Rather, a party who partially prevails is entitled to an award of attorney's fees commensurate to the party's success.

*Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1977). Plaintiff has not only succeeded on a significant issue in this case but has succeeded on the main issue of the litigation by proving by a preponderance of the evidence that Plaintiff was the victim of excessive force at the hands of Defendant by obtaining a jury verdict awarding damages and a judgement reflecting the same. The United States Supreme Court has clearly established that even a civil rights plaintiff who receives a nominal damages award is a "prevailing party" for purposes of recovering fees under § 1988. *Farrar v. Hobby*, 506 U.S. 103, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992).

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

Furthermore, a plaintiff who received damages less than their original demand is still the "prevailing party." *Hescott City of Saginaw*, 757 F.3d 518 (6th Cir., 2014) (Holding a plaintiff awarded $5,000 in damages in a § 1983 action was the prevailing party and entitled to attorneys' fees under § 1988). Any denial of attorneys' fees based on the size of the damages awarded "would seriously undermine Congress' purpose in enacting § 1988." *Rivera*, 477 U.S. at 576.

An award of attorney fees is mandatory under § 1988 absent "special circumstances." *Id.* at 523. "The United States Supreme Court has offered little guidance on what constitutes 'special circumstances,' and as a result, the Sixth Circuit has adopted a "case-by-case" inquiry in which "a non-prevailing defendant bears the burden 'to make a strong showing that special circumstances warrant a denial of fees.'" *Id.* at 523. However, "courts have made clear that special circumstances should not easily be found." *Id.* (quoting *Cleveland v. Ibrahim*, 121 F. App'x 88, 90 (6th Cir. 2005)). As such, no special circumstances exist in the present case and as a result, Plaintiff as the prevailing party in this lawsuit is entitled to an award of its attorney fees under § 1988.

## II. General Law on Attorney's Fees

The "lodestar" method of calculating attorney's fees is "the guiding light of our fee-shifting jurisprudence." *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). The "lodestar approach," which calculates the

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

reasonable amount of attorney's fees taking a reasonable hourly rate multiplied by the number of hours reasonably expended on the litigation, was pioneered by the Third Circuit in *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (1973), appeal after remand, 540 F.2d 102 (1976), and "achieved dominance in the federal courts" after the Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424, (1983). *Gisbrecht v. Barnhart,* 535 U.S. 789, 801, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). There is a strong presumption that the lodestar amount represents a "reasonable" fee. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1987).

Under *Hensley*, the factors identified by the Supreme Court include: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the "understandability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n. 3.

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

This case involved a novel claim made more difficult by the highly technical constitutional aspects of the material facts thus heightening the time and labor required to prosecute the case. This is not the typical excessive force type of case. Thus, this case required a greater level of skill than the normal 42 USC § 1983 excessive force case. The serious time commitment required by this case precluded counsel employment in other cases. As demonstrated below, the fees requested by counsel are customary and reasonable. Further, counsel took considerable risk by pursuing this matter on a contingency basis. The result was considerable given the difficulty of proofs in terms of both liability and damages. Counsel has had a relationship with their client for approximately six years.

**A. The Rate of Plaintiff's Counsel is Reasonable**

A reasonable hourly rate must be calculated according to the "prevailing market rate" in the "relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The "relevant community" is "the legal community within [the court of record's] territorial jurisdiction." *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir.2000). The "prevailing market rate" is one that is comparable to rates in the "relevant community" for similar services by lawyers of reasonably comparable skill, experience and reputation. *Stenson*, 465 U.S. at 895 n. 11.

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

Fees should be calculated at current market rates, not rates that would have historically applied, because "compensation received several years after the services were rendered—as it frequently is in complex civil rights litigation—is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings." *Jenkins*, 491 U.S. at 283-284.

The most widely employed method to determine reasonable hourly rates is to base fee awards on rates currently in effect. See, e.g., *Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1993); *Lawler v. Teofan*, 807 F.2d 1207, 1212, n. 3 (5th Cir. 1987).

**1. The prevailing market rate as based on the 2023 Economics of Law Survey.**

The Eastern District of Michigan has ruled:

> The Court finds the State Bar of Michigan's [] Economics of Law Practice survey to be instructive. See *Lamar Adver. Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 499–500 (6th Cir.2006) (affirming district court's reliance on the 2003 survey edition in a § 1983 case); *Meier v. Green*, No. 07–CV–11410, 2007 WL 2909418, at *2 (E.D.Mich. Oct.5, 2007) (relying on same in a Title VII case); *Garcia v. Renaissance Global Logistics*, LLC, No. 10–CV–13122, 2012 WL 1130543, at *3 (E.D.Mich. Apr.4, 2012) (relying on the 2010 survey edition in a FMLA case).

*Salamango v. NCSPlus Inc*., 2014 WL 3900583, at *5 (E.D. Mich. Aug. 11, 2014).

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

Under Michigan law, the courts place emphasis on the more empirical factors of the Economics of Law Survey ("Survey".) In *Van Elslander v. Thomas Sebold & Assocs*., 297 Mich. App. 204, 227-229 (2012) the court stated: "In determining this number, the court should use reliable surveys or other credible evidence of the legal market." 297 Mich. App. at 230. The court also stated that determining a reasonable fee should be guided by the "market rate" which is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." 297 Mich. App. At 230-231. Thus, for its initial inquiry, the *Van Elslander* Court placed strong emphasis on The Economics of Law Survey Rates by Rates by Years in Practice, Rates by Office Location, and Rates by Field of Practice. The court reiterated the heightened significance of "locality, experience, and practice area" factors in the Economic of Law Survey. *Id.* Notably the most recent Economics of Law Survey is from 2023. **Exhibit 2, Economics of Law Survey**.

**a. The reasonable rate For Jonathan Marko**

The analysis regarding attorney fees first begins by determining the fee customarily charged in the locality. This is a case arising in Macomb County and tried in Wayne County. Mr. Marko and his associate, Michael L. Jones, are headquartered in downtown Detroit, and this case was tried in downtown Detroit.

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

Thus, the metropolitan Detroit area is the "locality" for purposes of examining the fee customarily charged in the locality for similar legal services.

Mr. Marko has significant experience representing plaintiffs in litigation. After two years of clerking for Michigan Supreme Court Chief Justice Marilyn Kelly, Mr. Marko began his career as a trial attorney, working with renowned Trial Attorneys Geoffrey Fieger and Ven Johnson. While there, Mr. Marko independently managed complex and high-profile cases. In fact, Mr. Marko participated in several multi-million and record-setting verdicts with Mr. Fieger. **Exhibit 3, Marko Resume**.

In 2015, Mr. Marko became the Founder and President of Marko Law. As owner and managing partner, Mr. Marko runs the firm day-to-day, as well as trying the cases. Mr. Marko and his firm try more civil cases than virtually any other Michigan law firm. For example:

- ❖ In 2019, Mr. Marko obtained the largest intact state court employment verdict in the history of the State of Michigan at $11.6 Million in the case of *Griffey v MDOC*, which was affirmed on appeal. **Exhibit 4, Griffey Article; Exhibit 5, Griffey COA Opinion**.
- ❖ More recently, in the summer of 2023, Mr. Marko obtained a $10.41 Million negligence verdict in *Wood v City of Detroit*. **Exhibit 6, Wood Verdict**.
- ❖ Mr. Marko also achieved a verdict for $12.69 Million, the second largest religious accommodation and discrimination verdict in world history. **Exhibit 7, Domski Verdict.**

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

- Mr. Marko also obtained the largest uninsured motorist verdict in Michigan history. **Exhibit 8, Grant Verdict.**
- Finally, Mr. Marko obtained a verdict for $76.7 Million in the summer of 2025 in Oakland County Circuit Court, the largest premises liability and loss of consortium verdicts in Michigan history. **Exhibit 9, Mierendorf Verdict.**

Mr. Marko's results speak for themselves. See, e.g., **Ex. 6; Ex. 7; Ex. 8; Ex. 9; Exhibit 10, Kaur Article (Dana Hathaway Trial); Exhibit 11, Rushing Article (Ed Servitto Trial); Exhibit 12, Nowden Article (David Allen Trial); Exhibit 13, Lowe Judgment; Exhibit 14, Grant Judgment; Exhibit 15, Bury Judgment; Exhibit 16, Nance Verdict Form.**

Mr. Marko has been consistently recognized by the legal community for his tremendous success. For example:

- Nominated to become a Fellow of the Michigan State Bar Foundation (2025)
- "Go To Lawyer" (2023) (Negligence Law), by Michigan Lawyers Weekly. Only 23 lawyers received this recognition
- "Employment & Discrimination Law Trailblazer", National Law Journal (2023)
- "Plaintiff's Attorney Trailblazer", National Law Journal (2023)
- Chair of the Civil Rights Section of the Detroit Bar Association
- Appointed to Board of Directors (2020), Detroit Bar Association
- Named "Lifetime Fellow" (2020), Detroit Bar Association
- "President's Award" (2018) for Civil Rights Work, Most Prestigious Award by Detroit Bar Association. This award

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

recognizes an attorney whose early career has exhibited high standards of service to the profession, his or her clients, and the public

- ❖ "Go To Lawyer" (2021) (Employment Law), by Michigan Lawyers Weekly. Only 20 lawyers received this recognition
- ❖ "Section of The Year Award" (2023), Detroit Bar Association award recognizing work done as head of the Civil Rights Section
- ❖ Selected to serve on the State Bar Law Related Education & Public Outreach Committee
- ❖ Nationally recognized as a "Super Lawyer" (2012 – 2024)
- ❖ Appointed to Executive Committee, Michigan Association of Justice (MAJ)
- ❖ Appointed Case Evaluator, Wayne County Mediation Tribunal
- ❖ "MAJ Pacesetter"- Detroit Legal News (2021)
- ❖ Appointed to Plaintiffs' Executive Committee, U of M Sexual Assault Cases Class Action (Settled For $490 Million)

Finally, Mr. Marko has been invited to speak at national events, highlighting his stature amount his peers. For example:

- ❖ Featured Speaker – MAJ Leadership Academy – January Session (January 14, 2026)
- ❖ "Time Limited Voir Dire in an Auto Case" – Michigan Association for Justice No-Fault Institute XXII Seminar (October 23-24, 2025)
- ❖ "Defense Medical Examinations: Killer Cross Strategies for Depositions and Trial" – Colorado Trial Lawyers Association, Speaker (August 7, 2025)
- ❖ Trial by Human – Lummi Island Four Day Trial Conference lead presenter (July 10-12, 2025)

- "The Anatomy of Voir Dire" and "The Art of Cross Examination/Closing Statements" – Michigan Trial Lawyers Summit, Co-host and Speaker (June 20-21, 2025)
- "Outstanding Third-Party Verdicts" - Michigan Association for Justice No-Fault Institute XXI Seminar, (October 25, 2024)
- "Dr. Phil Primetime" – Television Talk Show Guest - "Female Teachers Turned Classroom Predators" – Season 1, Episode 90 (September 16, 2024)
- "Cases Gone Wild"- National Legal Podcast, Host and Presenter (2023 – Present)
- "Multi-Million Dollar Verdict For Non-English Speaking Foreigners"- National Presentation Trial Lawyers University Case Analysis, (December 5, 2022)
- "Killer Cross Examination"- National Podcast with Neil Rockind, (July 21, 2022)
- "U of M Sexual Abuse Scandal"- Best Practices Podcast, Season 2, Episode 3 (February 16, 2022)
- Featured Speaker- National Program "Great Trials Podcasts", Episode 104 (February 16, 2021)
- "Federal Court §1983 Excessive Force Covid Trial"- Nationwide Trial Lawyers Conference Case Analysis, (March 15, 2021)
- "Employment Discrimination- $11,600,000 Verdict" – Nationwide Trial Lawyers Conference Case Analysis, (December 1, 2020)
- "$11.6 Million Genesee Verdict – Overcoming Bias and Embracing Your Client's Warts" – Michigan Association of Justice Winter Seminar, (February 21, 2020)
- "Spoliation of Evidence: The Trial Lawyer's Secret Weapon" - Michigan Association for Justice Annual Convention, (May 10, 2019)

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

While Plaintiff anticipates Defendant will attempt to argue that Mr. Marko is entitled to a lesser fee, such argumentation fails to consider the **multiple** record-breaking verdicts he has achieved for his clients. Indeed, who is a more successful plaintiff-side attorney currently practicing in Michigan than Mr. Marko? These accomplishments easily place Attorney Marko in the 95th percentile and, considering the opinions of previous judges, the complexity of this case, and the substantial results obtained, an upward adjustment and the substantial attorney fees requested are patently reasonable here.

**i. Numerous Michigan judges have found Mr. Marko to be entitled to an upward adjustment to his rate of attorney fees.**

**A. Judge Kevin Cox – Attorney Jonathan Marko's Reasonable Rate is $1,500 Per Hour.**

On November 14, 2025, Judge Kevin Cox of the Wayne County Circuit Court held that **the reasonable hourly rate for Attorney Marko is $1500 per hour** on a PIP case. **Exhibit 17, *Tyrone Louden v. MemberSelect Insurance Company*, Wayne County Circuit Court No. 22-014973-NF, November 14, 2025 Order by Hon. Kevin J. Cox.** Plaintiff submits that order to aid the Court's determination of reasonable attorney fees in this case. The recency of the *Louden* case makes Judge Cox's determination of the issue significant and his order both highly relevant and persuasive. As Judge Cox did in *Louden*, this Court, too, is tasked with evaluating

the *Smith* and *Wood* factors to determine the reasonable hourly rate for Plaintiff's counsel's fees.

**B. Judge David Cohen – Attorney Jonathan Marko's Reasonable Rate is $1,500 Per Hour.**

Similarly, just months prior on September 3, 2025, Judge David Cohen of the Oakland County Circuit Court held that the reasonable hourly rate for Attorney Marko is $1500 per hour on an uninsured motorist case. **Exhibit 18, *Brent Grant v. Auto-Owners*, Oakland County Circuit Court No. 2020-185375-NO, September 3, 2025 Order by Hon. David M. Cohen.** The Court did so after carefully considering the factors outlined in *Wood v DAIIE*, 413 Mich 573 (1982), *Smith v Khouri*, 481 Mich 519 (2008), the Economics of Law Practice Survey published by the State Bar of Michigan, and extensive briefing and exhibits presented by the parties. ***Id.***

**C. Judge David Allen – Jonathan Marko's Reasonable Rate is $1,500 Per Hour.**

Similarly, on February 24, 2023, Wayne County Circuit Court Judge David J. Allen issued an order awarding attorney Jon Marko attorney fees. **Exhibit 19, *Nowden v. Epic Primary Care, and Greg S. Naman, M.D.*, Wayne County Circuit Court No. 18-001919-NH, February 24, 2023 Order by Hon. David J. Allen.** In *Nowden*, after evaluating the relevant *Smith v Khouri* and *Wood* factors for determining a reasonable attorney fee rate, **<u>Judge Allen approved an attorney fee</u>**

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

**<u>rate of $1500 per hour for lead trial counsel Jon Marko</u>**, and $1600 per hour for attorney Geoffrey Fieger who worked on the case. In denying the defendant's motion for reconsideration, Judge Allen issued an order adamantly confirming his initial findings with respect to the determined reasonable rates for the attorneys. **Exhibit 20, April 19, 2023 Order Denying Defs.' Motion for Reconsideration by Hon. David J. Allen**. Judge Allen's reasoned opinions and orders provide a useful and persuasive benchmark for this Court to evaluate reasonable attorney fees in this case.

### D. Judge Charlene Elder – Attorney Jonathan Marko is in the 95th Percentile and Entitled to an Upward Adjustment.

On December 21, 2023, Judge Charlene M. Elder of the Wayne County Circuit Court, issued an Order awarding attorney fees, and recognizing Attorney Marko as in the 95th Percentile and worthy of an upward adjustment. **Exhibit 21, Wood Order by Hon. Charlene M. Elder.** In *Bruce T. Wood v. Lawrence Luckett, et. al.*, Wayne County Circuit Court Case No. 18-007356-NI, Judge Elder specifically held that:

> Mr. Marko is an attorney in good standing with the State Bar of Michigan. He has over 14 years of experience and has an impressive reputation as a highly experienced trial attorney in the Metro Detroit area. Not only has he repeatedly been recognized by reputable organizations in the legal community, he has served as a speaker in the profession, and worked alongside some of the biggest names in trial practice. Mr. Marko attached his resume, and affidavits which speak to his success as a high-profile litigator having tried numerous cases. He is among the top attorneys in the locality, and has had an impressive series of litigation successes denoting his professional standing and experience. These attributes support rating Mr. Marko in the 95th

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

> percentile, and support consideration of an upward deviation of the $900 hourly rate suggested in the *Economics of Law Practice Michigan Survey* for 2023.
>
> Mr. Marko joined this case in April 2023. The Court has reviewed his resume, other attorney fee awards, and the Economics of Law Practice Survey. It is obvious that Mr. Marko was not a random pick, but rather chosen for this ability, experience, skill, and reputation as a litigator in this area of the law. . . .
>
> Given Mr. Marko's professional standing and experience, the skill, time, and labor involved to try this complex matter, the substantial verdict Mr. Marko was able to obtain, the difficulty of the case that was only complicated with his client's medical condition and the unpreserved evidence, and the expenses incurred in proceeding to trial on this matter, this Court finds that an upward deviation from the 95th percentile is justified, and an hourly rate of **$1,000** for Mr. Marko is reasonable and warranted. ***Id.***

### E. Judge Dana Hathaway – Attorney Jonathan Marko is in the 95th Percentile and Entitled to an Upward Adjustment.

On May 1, 2023, Wayne County Circuit Court Judge Dana M. Hathaway issued an Order awarding an attorney fee to Jonathan Marko, in *Kaur v. Citizens Insurance Company*, Wayne County Circuit Court No. 17-014352-NI. **Exhibit 22, Kaur Order by Hon. Dana M. Hathaway.** In *Kaur*, Judge Hathaway found that:

> Regarding the professional standing and experience of Mr. Marko, he has extensive experience litigating a variety of cases, including No-Fault cases. His experience includes litigating complex and high-profile litigation with success, and he has tried multiple cases resulting in high verdicts. His high professional standing is also supported by his resume and affidavit presented which denotes his recognition by the legal community for his success. Articles recognizing his success at trial were also considered. This supports rating Mr. Marko in the 95th percentile as an initial determination for reasonable attorney's fees. Given the professional standing of Mr. Marko, an appropriate rate for

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

his services in this case warrants an upward departure for an hourly rate of $775/hr. ***Id.***

**F. Judge Muriel Hughes – Attorney Jonathan Marko is in the 95th Percentile.**

On January 18, 2022, Wayne County Circuit Court Judge Muriel D. Hughes issued an opinion and order awarding attorney Jon Marko an hourly fee rate of $750 in a simple and short no-fault case, *Jackson v Pioneer*, Wayne County Circuit Court No. 19-002256-NF. **Exhibit 23, *Jackson v Pioneer*, Wayne County Circuit Court No. 19-002256-NF, January 18, 2022, Order and Opinion by Hon. Muriel D. Hughes Opinion**. Plaintiff submits that opinion as a supplement to aid the Court's determination of reasonable attorney fees in this case.

In *Jackson*, after evaluating the relevant *Wood* factors for determining a reasonable attorney fee rate, **Judge Hughes approved an attorney fee rate in the 95th percentile for lead trial counsel Mr. Marko**. Judge Hughes's reasoned and thorough opinion provides a useful and persuasive benchmark for this Court to evaluate reasonable attorney fees for Mr. Marko in this case.

**G. Judge Ed Servitto – Attorney Jonathan Marko is in the 95th Percentile.**

Similar to what Judge Hughes did in *Jackson*, on August 2, 2022, Macomb County Circuit Judge Edward A. Servitto Jr. issued an order awarding an attorney fee to attorney Jon Marko, in a more complex case, *Rushing v. MDOC*, Macomb County Circuit Court No. 2019-001635-CD. **Exhibit 24, Rushing Order by Hon.**

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

**Edward A. Servitto Jr.** In *Rushing*, Judge Servitto ordered that "**Jonathan R. Marko is entitled to an attorney fee in the 95th percentile[.]**"

Just like all of the other judges, the Court here too is tasked with evaluating the attorneys' experience through the *Wood* factors to determine the reasonable hourly rate. Judge Cox's opinion in *Louden*, Judge Cohen's opinion in *Grant*, Judge Hughes's opinion in *Jackson,* and Judge Hathaway's opinion in *Kaur* examined the *Wood* factors in the context of a complex no-fault trial. Their analysis will aid this Court's review of the fees requested by Marko Law PLLC's counsel and support the reasonableness of the requested fees.

Judge Cox, Judge Cohen, Judge Hughes, Judge Servitto, Judge Hathaway, Judge Elder, and Judge Allen's analysis of Mr. Marko's talents in the *Louden*, *Grant*, *Jackson*, *Rushing, Kaur, Wood*, and *Nowden* cases should be the starting point for Mr. Marko's rate. Due to the complexities of this case and the extensive amount of work put in, Marko Law PLLC requests attorney fees at a rate of $1600.00 per hour for Mr. Marko. **Exhibit 25, Marko Hours; Exhibit 26, Marko Affidavit.**

**b. The reasonable rate for Michael L. Jones**

Michael Jones has been highly successful in his career. He is licensed in both Michigan and California. He graduated in the top 20% of his class and earned several academic and trial skill awards. **Exhibit 27, Jones Resume.**

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

Mr. Jones has built his reputation on winning cases that others wouldn't touch. In *Hyde v. Kass*, the plaintiff had allegedly thrown urine on officers and was nearly kicked out of Judge Grey's courtroom based on his aggressiveness. No workup had been done on the case, and no one would dare try it. Yet Mr. Jones secured a verdict for his client. In *Stubblefield*, the facts were equally challenging: the client was jaywalking at night, not in a crosswalk, wearing all black. During his testimony, he admitted he had just smoked a blunt, consumed two pints of Hennessey, and had illegal drugs in his system. While on the stand claiming he could not work due to his injuries, the defense presented surveillance footage of him running from police. When asked how long he would be on "vacation" from work—as he described it—he looked directly at the jury and said, "until they give me money." Despite these devastating facts, Mr. Jones secured a $353,000 verdict. In 2019, Mr. Jones obtained a $3.1 million verdict.

Mr. Jones's requested hourly rate is further supported by extensive peer recognition and professional honors reflecting counsel's skill, reputation, and standing in the legal community. Counsel has been recognized by *Michigan Lawyers Weekly* as an Unsung Legal Hero, an honor acknowledging extraordinary dedication, reliability, and impact in complex litigation. Counsel has also been selected as a Michigan Lawyers Weekly "Go To Lawyer", a peer-nominated designation reserved for attorneys who are relied upon by other lawyers as referral resources due to their

subject-matter expertise, judgment, and proven success. In addition, counsel was named to *Michigan Lawyers Weekly's* Power List, an annual peer-selected recognition of top attorneys statewide who are frequently recommended for high-stakes and complex matters.

Mr. Jones has further been selected as one of The National Trial Lawyers: Top 100, an invitation-only organization recognizing the premier civil plaintiff trial lawyers in each state based on superior qualifications, exemplary trial results, leadership, and reputation, following a rigorous multi-phase vetting process involving peer nominations and independent research. Mr. Jones was also honored as a Michigan Lawyers Weekly Up & Coming Lawyer, a prestigious award recognizing attorneys in their first ten years of practice who demonstrate exceptional drive, ambition, and early professional success. Collectively, these recognitions reflect counsel's consistent record of excellence, peer regard, and market recognition, and they support the reasonableness of the hourly rate requested in this petition.

Michael Jones is a top trial attorney due to his exceptional track record, ability to win challenging cases, and significant verdicts that demonstrate superior skill and courtroom presence. His career highlights and reputation support an argument for a rate up to or exceeding $1,000 per hour.

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

Mr. Jones works in downtown Detroit. The 2023 Economics of Law Survey published by the State Bar of Michigan indicates that attorneys practicing in Detroit earn an average of $454, in the 75th percentile earn in civil rights cases attorneys in the 75th percentile hourly rate earns $450 per hour and the 95th percentile hourly rate is $710 per hour. **Exhibit 28, Jones Hours; Exhibit 29, Jones Affidavit.**

**c. The reasonable rate for Allie J. Farris**

Ms. Farris has distinguished credentials and an atypically deep level of hands-on litigation experience for an attorney at her same year. Even before entering practice, Ms. Farris distinguished herself academically and professionally, earning her J.D., cum laude, from University of Detroit Mercy School of Law on a Dean's scholarship, and graduating in the top 20 students in her class.

Ms. Farris also earned Dean's List Honors 5/6 semesters in law school and multiple Book Awards for having the highest grade in her class. She was selected to serve as a teaching assistant for two years from 2023-2025 in legal research and writing due to her exceptional writing and research skills. Moreover, she demonstrated leadership and advanced legal writing skills through her service on the Detroit Mercy Law Review, serving as an Executive Board Member and Executive Symposium Director. These achievements reflect the very competencies the market rewards at the high end of early-career billing.

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

Most importantly, Ms. Farris's practical litigation experience is atypical for a first-year attorney. From the outset of her legal career, Ms. Farris has worked solely under Jonathan Marko, principal attorney of Marko Law, PLLC, who is Michigan's leading plaintiff-side trial attorneys and has worked closely with him continuously since beginning at the firm as a law clerk in early 2024, receiving accelerated, trial-forward training and responsibility. As a result, Ms. Farris has accumulated substantially more hands-on litigation experience than most attorneys with comparable years in practice, having contributed to securing multiple multimillion-dollar verdicts in four trials, and a myriad of high-value settlements, early in her tenure.

Plaintiff admits that Ms. Farris is a new attorney and thus not entitled to the rate asked for by more established counsel. In light of the foregoing, Ms. Farris should be awarded attorney fees at the rate of $350.00 per hour. **Exhibit 30, Farris Hours; Exhibit 31, Farris Affidavit.**

## III. Plaintiff's Counsel Has Provided Sufficient Evidence to Award Attorney Fees

### 1. Counsel submitted sufficiently itemized and detailed billing entries

The entries in Plaintiff's fee petition contained adequate specificity. Plaintiff's time entries need not be so detailed as to wave attorney-client or work-product-privilege.

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
JM MARKO LAW

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended. If a claimant clears this hurdle, the burden shifts to the adverse party to demonstrate that a particular entry represents frivolous work ... Once a plaintiff proffers an itemized and detailed bill, it is well-established that conclusory allegations that the hours are excessive and that counsel employed poor billing judgment do not suffice to undermine it." *Dowling v. Litton Loan Servicing, L.P.*, No. 5-CV-98, 2008 WL 906042, at *2 (S.D. Ohio Mar. 31, 2009), *aff'd*, 320 F. App'x 442 (6th Cir. 2009) (internal quotation marks and citations omitted).

Here, counsels' entries are highly detailed and describe the itemized hours worked by date, the attorney, and the subject matter. The burden therefore shifts to Defendant to show the hours expended were frivolous or excessive. *See Dowling*, 2008 WL 906042 at *3. Plaintiff's counsel, in good faith, itemized each entry in as much detail as possible so that both Defendant and this Court may be apprised of the work done by Plaintiff's attorneys and the reasonableness of time expended therefor.

**2. It is reasonable to bill for multiple attorneys' work on a case.**

The Plaintiff is entitled to be compensated for multiple lawyers performing work on the case so long as all are contributing. "Work performed by multiple lawyers, however, is not subject to reduction where the attorneys were not unnecessarily doing the same work." *Jones v. Central Soya, Co.,* 748 F.2d 588, 594

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

(11th Cir. 1984). *See also Walker v. U.S. Department of Housing and Urban Development,* 99 F.3d 761, 768 (5th Cir. 1996) (allowing compensation for more than one attorney at depositions, hearing, negotiations, and other activities); and *Webster, supra* (productive attorney conferences and strategy sessions compensable).

In *Michael v. Windsor Gardens*, LLC, ___F Supp 2d___; 2005 U.S. Dist. LEXIS 48700, at *12 (ED Tenn, Feb. 18, 2005) the defendant challenged the billing for multiple attorneys and paralegals as duplicative and excessive. Rejecting defendant's argument, the district court stated:

> The Court will not, therefore, question the participation of multiple attorneys and paralegals on behalf of the Plaintiff. "There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988).

We have held that time spent by counsel discussing the case is properly compensable, and the mere fact that attorneys confer with one another does not automatically constitute duplication of efforts. *Glover v. Johnson*, 138 F.3d 229, 252 (6th Cir. 1998).

In this case, counsel did not perform duplicative work. Mr. Jones oversaw the vast majority of the case while Mr. Marko and Mr. Eads assisted with trial

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

preparation and trial strategy. Mr. Alexander handled Plaintiff's case throughout the discovery phase and dispositive motions. It is simply not unreasonable to have more than one attorney involved in various stages of the proceedings when all are contributing to the analysis and strategy and helping to make sure that certain matters and points are not missed. Defendant also employed multiple attorneys at various stages of the proceedings.

**3. The award need not be proportional**

In *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 824 (6th Cir. Mich. August 9, 2013), the Court held:

[i]n the civil rights area, there is no requirement that the amount of an award of attorneys' fees be proportional to the amount of the underlying award of damages." *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995); see *City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986) (plurality op.).

In this case, Plaintiff's fee petition is an accurate reflection of the time invested by Marko Law PLLC.

**4. Reasonable attorney would believe the hours to be reasonably expended.**

Plaintiff is not required to demonstrate that every minute was strictly necessary to the result she achieved. In *Anglo-Danish Fibre Indus., Ltd. v.*

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

*Columbian Rope Co.*, No. 01-2133-GV, 2003 U.S. Dist. LEXIS 10386, 2003 WL 223082, at *3 (W.D. Tenn. Jan. 28, 2003) the court stated:

> The question is not whether a party prevailed on a particular motion, nor whether, in hindsight, the time expended was strictly necessary to obtain relief achieved; instead, the question is whether a reasonable attorney would believe the work to be reasonably expended in pursuit of success at the time when the work was performed.

All of the hours submitted by Plaintiff's counsel were reasonably expended in pursuit of this successful civil rights action.

## RELIEF REQUESTED

**WHEREFORE,** for all the reasons given and the authorities cited above, Plaintiff respectfully requests that this Honorable Court enter the following judgment of reasonable attorney fees:

1) Reasonable attorney fees at the following rates:

   a. Jonathan R. Marko - $1600.00 per hour;

   b. Michael Jones - $1000.00 per hour; and

   c. Allie J. Farris - $350.00 per hour.

Respectfully submitted,

*/s/ Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7777 / Fax: (313) 470-2011
Email: jon@markolaw.com

Date: February 6, 2026

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKO LAW

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **February 6, 2026**, via:

| | |
|---|---|
| ☐ U.S. Mail | ☐ Fax |
| ☐ Hand Delivered | ☐ Overnight Carrier |
| ☐ Certified Mail | ☐ Other |
| ☒ ECF System | ☐ Email |

*/s/ Dae'Aunee Charles*

MARKO LAW
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7777
F: ((313) 470-2011
MARKOLAW.COM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL REIFF ,<br><br>Plaintiff(s),<br><br>v.<br><br>OFFICER BROC SETTY, in his individual capacity, and CLINTONTOWNSHIP ,<br><br>Defendant(s). | Case No. 2:23-cv-10513<br>Honorable Laurie J. Michelson |

**BRIEF FORMAT CERTIFICATION FORM**

I, Jonathan R. Marko, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

/s/ Jonathan R. Marko____
Dated: February 6, 2026